## HENRY JOHNSON *vs.* AARON JOHNSON.

In a suit against a person who is alleged to have conveyed all his property for the purpose of defeating his creditors, the grantee is a competent witness for the defendant, if it be not shown that he participated in such fraudulent purpose, or was cognizant thereof, nor that the property, or the money received on the sale thereof, is sti in his hands.

ASSUMPSIT to recover money alleged to have belonged to the plaintiff, and to have been received by the defendant in 1832, as rent of " the Holland Place." No property was attached on the writ.

The defendant, at the trial before *Strong*, J. in the court of common pleas, offered Asa Johnson, his son, as a witness, and the plaintiff objected to him as incompetent by reason of interest. To prove his interest, the plaintiff introduced the deposition of Ebenezer Smith, who deposed that the defendant, in 1835, said he had no property, but had conveyed it all to his son Asa, who had engaged to support him for life.

It was admitted, that whatever conveyance the defendant had made to the witness, was made after the debt, on which this action was brought, had accrued.

The plaintiff contended that the property conveyed to the witness by the defendant would be liable to seizure on execution, to satisfy the judgment which the plaintiff might recover in this action ; and that if the witness had disposed of the property, the proceeds thereof, in his hands, would be held to satisfy such judgment.

The defendant contended that the witness was competent ; as it did not appear what was the nature or amount of the property conveyed to him ; nor that any part of it, or the proceeds thereof, remained unexpended ; nor that he knew, when it was conveyed to him, that the defendant owed the plaintiff ; nor that the defendant had not now the means of paying all his debts.

The judge admitted the witness, and he testified in favor of the defendant, and to facts material to the issue. The jury found a verdict for the defendant. The plaintiff alleged exceptions.

*Brooks*, for the plaintiff.

*Washburn*, for the defendant.

Shaw, C. J. The only question in this case, upon exceptions to the court of common pleas, is, whether Asa Johnson, the son of the defendant, and offered by him as a witness, was competent. The action was for money had and received. The plaintiff did not examine the witness on the *voir dire*, but undertook to prove his interest by testimony. In such case, the burden of proof is on the party excepting, to prove all the facts necessary to establish such an interest as to render the witness incompetent.

The fact proved by the testimony is, that in 1835, after the supposed debt, for which this action is brought, had accrued, the defendant admitted that he had conveyed all his property to his son Asa, to support him for life. The plaintiff contended that this was *primâ facie* evidence that the estate was conveyed in fraud of creditors ; that in case the plaintiff should recover judgment, he might levy the execution on the property so conveyed ; and therefore the witness had an interest to prevent the plaintiff from recovering a judgment.

But we think the evidence fails in establishing such a case. In order to set aside a conveyance as fraudulent against creditors, it must be proved, not only that the grantor had a fraudulent intent to defeat creditors, but that the grantee participated in, or had knowledge of such intent. *Bridge* v. *Eggleston,* 14 Mass. 250. Here, it does not appear, that at the time of the conveyance, the witness knew that his father owed any thing, or had any fraudulent intent in making the conveyance, or participated in any such design or purpose, if the father had any.

But further ; it does not appear that any of this property remained, or could in any manner be reached by any execution which the plaintiff might obtain on his judgment. On both of these grounds, the court are of opinion, that the witness was not shown to be incompetent, and that the decision of the court of common pleas was right.

*Exceptions overruled*